## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERRY AUTIN** | **CIVIL ACTION NO.: 22-3202** |
| **VERSUS** | **SECTION:** |
| **TIDEWATER DOCK, INC. and HILCORP ENERGY COMPANY** | **DISTRICT JUDGE:** |
| | **MAGISTRATE JUDGE:** |

## **COMPLAINT**

Plaintiff, Jerry Autin, an individual of the full age of majority and domiciled in Lafourche Parish, Louisiana, respectfully represents as follows:

I.

Made Defendants herein are:

A. Tidewater Dock, Inc. (hereinafter "Tidewater"), a domestic corporation, authorized to and doing business in the State of Louisiana, which has appointed Donald Vizier as its registered agent for the service of process, whose address is 126 East 134th Street, Galliano, Louisiana 70354; and

B. Hilcorp Energy Company (hereinafter "Hilcorp"), a foreign corporation, authorized to and doing business in the State of Louisiana, which has appointed C T Corporation System as its registered agent for the service of process, whose address is 3867 Plaza Tower Drive, Baton Rouge, Louisiana 70816.

II.

Plaintiff brings this action pursuant to 46 U.S.C. § 30104, more commonly known as the Jones Act, and general maritime law.

III.

Jurisdiction of this matter is conferred by 28 U.S.C. §§ 1331 and 1333 (1); the incident at issue herein occurred while Plaintiff was assigned to a vessel upon navigable waters. Venue of this action is pursuant to 28 U.S.C. § 1391 (b) and (c). This action is filed without the prepayment of costs pursuant to 28 U.S.C. § 1916.

IV.

On and prior to June 12, 2022, Defendant, Tidewater, owned and/or operated a vessel known as the M/V JANE OLIVIA. Additionally, Defendant, Hilcorp, owned and/or operated a rig/platform in Black Bay east of Port Sulphur in Louisiana.

V.

At all pertinent times, Defendant, Tidewater, employed Plaintiff, Jerry Autin, as a Jones Act seaman and, upon information and belief, he was assigned to the aforementioned vessel.

VI.

On or about June 12, 2022, the M/V JANE OLIVIA and its crew, including Plaintiff, were contracted to work for Defendant, Hilcorp, at its rig/platform located in Black Bay. Plaintiff was instructed to retrieve running lights from the rig/platform. While walking on the rig/platform, Plaintiff slipped and fell from the rig/platform onto a barge below. As a result of this slip and fall, Plaintiff was caused to be severely injured due to the negligence of Defendants, Tidewater and Hilcorp, and their employees.

VII.

As a result of the fall, Plaintiff suffered severe injuries to his left knee.

VIII.

The above-described incident was caused by the negligence of Defendant, Tidewater, its agents, servants, employees or others for whom it is legally responsible in the following, though

not exclusive, respects:

 A. By failing to provide Plaintiff with a safe place to work;

 B. By allowing a slip hazard to exist;

 C. In failing to create a safe work environment for Plaintiff;

 D. By failing to provide an adequately trained crew; and

 E. Other acts of negligence that will be demonstrated at the trial of this matter.

## IX.

The above-described incident was caused by the negligence of Defendant, Hilcorp, its agents, servants, employees or others for whom it is legally responsible in the following, though not exclusive, respects:

 A. By allowing a slip hazard to exist;

 B. By failing to see what should have been seen, which created a dangerous situation;

 C. By otherwise creating an unreasonable risk of harm or a hazardous condition by the manner in which the deck and railing of the rig was maintained; and

 D. Other acts of negligence that will be demonstrated at the trial of this matter.

## X.

Due to the injuries sustained by Plaintiff, Jerry Autin, he has endured physical disability, has suffered grievous physical and mental pain and anguish, embarrassment, and is entitled to recover from Defendants, Tidewater and Hilcorp, the sum of ONE MILLION AND NO/100 ($1,000,000.00) DOLLARS.

## SECOND CAUSE OF ACTION

## XI.

And now, Plaintiff, Jerry Autin, alleges a second cause of action based on the general

maritime law and reiterates all of the allegations contained in the foregoing paragraphs.

XII.

Under the general maritime law, it was the duty of Defendant, Tidewater, as the owner and/or operator of the M/V JANE OLIVIA, to furnish the seamen onboard the vessel with a safe place to work, with safe gear, appurtenances and equipment, with an adequate crew and a seaworthy vessel.

XIII.

Plaintiff shows that at the time and place of the occurrence of the incident, on June 12, 2022, he was working aboard a vessel in navigation and performing the type of work traditionally performed by seamen and, therefore, was owed the warranty of seaworthiness by Defendant, Tidewater.

XIV.

Plaintiff avers that the failure of Defendant, Tidewater, to provide Plaintiff with a safe place to work and/or by failing to provide an adequately trained crew renders the M/V JANE OLIVIA unseaworthy, and that the unseaworthiness was a proximate cause of Plaintiff's incident and injuries and the resulting disability.

THIRD CAUSE OF ACTION

XV.

Now, Plaintiff, Jerry Autin, alleges a third cause of action under the general maritime law for wages, maintenance and cure, past and future, and reiterates all of the allegations contained in the first two causes of action.

XVI.

Plaintiff avers that he is entitled additionally to wages, maintenance and cure, at the rate of FIFTY AND NO/100 ($50.00) DOLLARS per day, for any period after June 12, 2022, wherein

Defendant, Tidewater, has not paid Plaintiff wages, maintenance and cure, and to an undetermined date in the future during which he is unable to work and perform his duties as a seaman and has not reached maximum cure, which Plaintiff estimates to be in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS, and demands compensatory and punitive damages and attorney's fees in the event he is required to pursue by proper procedure the recovery of said maintenance and cure.

## JURY DEMAND

That, pursuant to the provisions of the aforesaid 46 U.S.C. § 30104, more commonly known as the Jones Act, Plaintiff is entitled to and demands a trial by jury on all issues related herein.

**WHEREFORE**, Plaintiff, Jerry Autin, demands a judgment against Defendants, Tidewater Dock, Inc., and Hilcorp Energy Company, in the sum of ONE MILLION AND NO/100 DOLLARS ($1,000,000.00) DOLLARS, with legal interest from the date of injury, together with all costs and disbursements of this action, for all appropriate and general relief and for a trial by jury.

Plaintiff further demands judgment against Defendant, Tidewater Dock, Inc., for wages, maintenance and cure in the sum of ONE HUNDRED THOUSAND AND NO/100 ($100,000.00) DOLLARS.  Further, in the event it becomes necessary to pursue collection of maintenance and cure, Plaintiff demands compensatory and punitive damages, as well as attorneys' fees, against Defendant, Tidewater.

Plaintiff further prays for all general, legal, equitable and maritime relief available to him under the laws of the United States, and for a civil trial by jury.

                                      Respectfully submitted:

                                      _____

                                    **C. ARLEN BRAUD, II, #20719**
                                    **MICHELLE O. GALLAGHER, #23886**
                                    **STEVEN D. JACKSON, #35841**
                                    Braud & Gallagher, L.L.C.
                                    111 N. Causeway Blvd., Ste. 201
                                    Mandeville, LA 70448
                                    Telephone:     (985) 778-0771
                                    Facsimile:      (985) 231-4663
                                    arlenb@braudandgallagher.com
                                    michelleg@braudandgallagher.com
                                    stevenj@braudandgallagher.com
                                    ***Counsel for Plaintiff, Jerry Autin***

**TO BE SERVED BY SUMMONS:**

TIDEWATER DOCK, INC.
*Through its registered agent for service:*
Donald Vizier
126 East 134th Street
Galliano, Louisiana 70354

HILCORP ENERGY COMPANY
*Through its registered agent for service:*
C T Corporation System
3867 Plaza Tower Drive
Baton Rouge, Louisiana 70816