UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JERRY AUTIN | * | CIVIL ACTION |
| VERSUS | * | NO. 22-3202 |
| TIDEWATER DOCK, INC., ET AL. | * | SECTION "B" (2) |

**ORDER AND REASONS**

Before me is Plaintiff Jerry Autin's Motion to Compel Discovery Responses.  ECF No. 27.
Defendant Tidewater Dock, Inc. timely filed an Opposition Memorandum.  ECF No. 28.  No party
requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral
argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the
applicable law, Plaintiff's  motion (ECF No. 27)  is GRANTED IN PART AND DENIED IN
PART for the reasons stated herein.

I.      **BACKGROUND**

 Plaintiff Jerry Autin filed suit against Tidewater Dock, Inc., Hilcorp Energy Company,
and others under the Jones Act and general maritime law seeking damages for alleged injuries to
his left knee after he slipped and fell from Hilcorp's rig/platform onto a barge while employed by
Tidewater as a seaman aboard the M/V JANE OLIVIA.  ECF Nos. 1, 12 ¶¶ XIII, XIX.  Plaintiff
seeks to compel full and complete responses to Requests for Production Nos. 1, 2, 4, 12, 14, 16,
25, 27, 28, 31, and 32, which he alleges have been inadequately answered.  ECF No. 27.

1

## II.   **APPLICABLE LAW**

### A.   **Rule 37's Meet and Confer Requirement**

In connection with a discovery motion, Rule 37(a)(1) of the Federal Rules of Civil Procedure requires:

> The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

To ensure compliance with this Rule, this Court expressly requires the parties to provide detailed information in the required Rule 37 certification.[1]  These instructions further direct that the "meet and confer [must be] either in person or by telephone, not simply via email exchange."[2]

Although Plaintiff's counsel certified that she twice conferred with counsel for Tidewater regarding the instant discovery disputes, Tidewater asserts that counsel did not discuss all disputes presently before the court.  The failure to engage in a fulsome meet and confer on each disputed response prior to filing a discovery motion constitutes sufficient reason in itself to deny the motion.[3]  However, in the interests of expediency and judicial economy, the court may address the matter notwithstanding that failure.  Accordingly, the Court will address the merits of this motion.

### B.   **Scope of Discovery**

Rule 26(b)(1) provides, in pertinent part:  "Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy,

---

[1] *Motions & Oral Argument*, *The Honorable Donna Phillips Currault*, UNITED STATES DISTRICT COURT EASTERN DISTRICT OF LOUISIANA, http://www.laed.uscourts.gov/judges-information/judge/honorable-donna-phillips-currault (last visited July 21, 2022).

[2] *Id.*

[3] *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, No. 12-257, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014) (stating the Rule 37 certification is a prerequisite); *see also Greer v. Bramhall*, 77 F. App'x 254, 255 (5th Cir. 2003) (finding the district court did not abuse its discretion in denying motion to compel for failing to follow Rule 37); *D.H. Griffin Wrecking Co., Inc. v. 1031 Canal Dev., Inc., L.L.C.*, No. 20-1051, 2020 WL 8265341, at *3 (E.D. La. Apr. 16, 2020) (citing cases).

the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." FED. R. CIV. P. 26(b)(1). This broad duty of disclosure extends to all documents that fit the definition of relevance for the purposes of discovery—whether the documents are good, bad, or indifferent.[4]

Information need not be admissible into evidence to be discoverable. FED. R. CIV. P. 26(b)(1). Rather, the information merely needs to be proportional and relevant to any claim or defense. *Id.* The threshold for relevance at the discovery stage is lower than the threshold for relevance of admissibility of evidence at the trial stage.[5] This broader scope is necessary given the nature of litigation, where determinations of relevance in discovery are made well in advance of trial.[6] Facts that are not considered in determining the ultimate issues may be eliminated in due course of the proceeding.[7] At the discovery stage, relevance includes "[a]ny matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case."[8] Discovery should be allowed unless the party opposing discovery establishes that the information sought "can have no possible bearing on the claim or defense of the party seeking discovery."[9] If relevance is in doubt, the court should be permissive in allowing discovery.[10]

The party seeking discovery must comply with Rule 26(b)(1)'s proportionality limits on discovery requests and is subject to Rule 26(g)(1)(B)'s requirement to certify that the discovery request is "(i) consistent with these rules . . . ; (ii) not interposed for any improper purpose, such

---

[4] *Yelton v. PHI, Inc.*, 279 F.R.D. 377, 384 (E.D. La. 2011), *aff'd*, 284 F.R.D. 374 (E.D. La. 2012) (citation omitted).
[5] *Rangel v. Gonzalez Mascorro*, 274 F.R.D. 585, 590 (S.D. Tex. 2011) (citations omitted).
[6] *Id.* n.5 (citation omitted).
[7] *Id.*
[8] *Id*. at 590 (citations omitted).
[9] *Dotson v. Edmonson*, No. 16-15371, 2017 WL 11535244, at *2 (E.D. La. Nov. 21, 2017) (citing *Merrill v. Waffle House, Inc*., 227 F.R.D. 467, 470 (N.D. Tex. 2005)).
[10] *E.E.O.C. v. Simply Storage Mgmt.*, *L.L.C.*, 270 F.R.D. 430, 433 (S.D. Ind. 2010) (quoting *Truswal Sys. Corp. v. Hydro–Air Eng'g, Inc.*, 813 F.2d 1207, 1212 (Fed. Cir. 1987)).

as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." FED. R. CIV. P. 26(g)(1)(B).  In addressing a motion to compel, the moving party bears the burden to establish that the materials requested are within the scope of permissible discovery, after which the burden shifts to the party resisting discovery to show why the discovery is irrelevant, why discovery should not be permitted, and/or to substantiate its objections.[11]  Further, if a party resists discovery on the grounds of proportionality, it bears the burden of making a specific objection and showing that the discovery fails Rule 26(b)'s proportionality calculation by coming forward with specific information to address the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.[12]

While the discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials,[13] discovery does have "'ultimate and necessary boundaries.'"[14]  Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition."[15]  Indeed, Rule 26(b)(2)(C) *mandates* that the Court limit the

---

[11] *Wymore v. Nail*, No. 14-3493, 2016 WL 1452437, at *1 (W.D. La. Apr. 13, 2016) ("Once a party moving to compel discovery establishes that the materials and information it seeks are relevant or will lead to the discovery of admissible evidence, the burden rests upon the party resisting discovery to substantiate its objections."); *Tingle v. Hebert*, No. 15-626, 2016 WL 7230499, at *2 (M.D. La. Dec. 14, 2016) ("[T]he moving party bears the burden of showing that the materials and information sought are relevant to the action . . . .") (quotation omitted); *Davis v. Young*, No. 11-2309, 2012 WL 530917, at *3 (E.D. La. Feb. 16, 2012) (same) (citing *Export Worldwide, Ltd. v. Knight*, 241 F.R.D. 259, 263 (W.D. Tex. 2006)); *see also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

[12] *Mir v. L–3 Commc'ns Integrated Sys., L.P.*, 319 F.R.D. 220, 226 (N.D. Tex. 2016).

[13] *Herbert v. Lando*, 441 U.S. 153, 177 (1979) (citations omitted).

[14] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quotation omitted).

[15] *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 264 (5th Cir. 2011).

4

frequency or extent of discovery otherwise allowed, if it determines: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."[16]   While relevancy in the discovery context is broader than in the trial context, that legal tenet should not be misapplied to allow fishing expeditions in discovery.[17]

### C.  <u>Duties in Responding to Discovery</u>

Parties must provide full and complete responses to discovery.   The fact that an interrogatory calls for a thorough response—one that will take time and effort to answer—does not make it improper.[18]   Further, Rule 26(e)(1) imposes upon a party an ongoing obligation to supplement prior discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other party during the discovery process . . . ." FED. R. CIV. P. 26(e).

### D.  <u>The Requirement for a Privilege Log</u>

A party withholding information by claiming privilege or work product "***must*** (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim." FED. R. CIV. P. 26(b)(5)

---

[16] FED. R. CIV. P. 26(b)(2)(C)(i)–(iii).
[17] *Trident Mgmt. Grp., LLC v. GLF Constr. Corp.*, No. 16-17277, 2017 WL 3011144, at *4 (E.D. La. July 14, 2017) (citations omitted); *see also Crosby*, 647 F.3d at 264; *Ganpat v. E. Pac. Shipping, PTE, Ltd.*, No. 18-13556, 2020 WL 1046336, at *3 (E.D. La. Mar. 4, 2020).
[18] *Areizaga v. ADW Corp.*, 314 F.R.D. 428, 437 (N.D. Tex. 2016) (citing *Burns v. Thiokol Chem. Corp.*, 483 F.2d 300, 307–08 (5th Cir. 1973)).

(emphasis added).  The "privilege log's description of each document and its contents must provide sufficient information to permit courts and other parties to 'test[ ] the merits of' the privilege claim."[19]  It "should not only identify the date, the author, and all recipients of each document listed therein, but should also 'describe the document's subject matter, purpose for its production, and specific explanation of why the document is privileged or immune from discovery.'"[20]  The party asserting privilege bears the burden of proof sufficient to substantiate its claims.[21]

## E.  ANALYSIS OF SPECIFIC REQUESTS AT ISSUE

**REQUEST FOR PRODUCTION NO. 1:**   Any results of background searches performed on JERRY AUTIN, both pre-hire and post-accident.

**ORIGINAL RESPONSE:**  Defendant, Tidewater Dock, Inc. objects to this Request to the extent it seeks production of post-accident background searches, as that is protected by the attorney work product doctrine and/or the attorney-client privilege.  Moreover, Tidewater Dock, Inc. objects to this Response on the basis that it is not Plaintiff's employer.  Notwithstanding the above objections, and without waiving same, and to the extent responsive, please see the attached employment records.  ECF No. 28-8 at 1.

**THIRD SUPPLEMENTAL RESPONSE:**  Defendant, Tidewater Dock, Inc. objects to this Request to the extent it seeks production of post-accident background searches, as that is protected by the attorney work product doctrine and/or the attorney-client privilege.  Moreover, Tidewater Dock, Inc. objects to this Response on the basis that it is not Plaintiff's employer.  Notwithstanding the above, all employment documentation has been produced and there are no documents regarding a pre-hire background searches.  ECF No. 28-7 at 1.

Tidewater has produced the employment records in its possession and confirmed that it  has no documentation regarding pre-hire background searches performed on Plaintiff.  ECF No. 28-7 at 1, 28 at 6.  That response fully satisfies the pre-employment inquiry.

---

[19] *EEOC v. BDO USA, L.L.P.*, 876 F.3d 690, 697 (5th Cir. 2017) (citing *United States v. El Paso Co.*, 682 F.2d 530, 541 (5th Cir. 1982); *N.L.R.B. v. Interbake Foods, LLC*, 637 F.3d 492, 502 (4th Cir. 2011) ("When a party relies on a privilege log to assert these privileges, the log must 'as to each document . . . set[] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed.'") (quoting *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. 1993))).

[20] *Peacock v. Merrill*, No. 08-01, 2008 WL 687195, at *3 (M.D. La. Mar. 10, 2008) (quoting *Jones v. Hamilton Cty. Sheriff's Dept.*, No. 02-0808, 2003 WL 21383332, at *4 (S.D. Ind. 2003)).

[21] *United States v. Newell*, 315 F.3d 510, 525 (5th Cir. 2002) (citing *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001)); *see Hodges, Grant & Kaufman v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

Tidewater's objection to disclosing post-accident background searches on the basis of impeachment evidence, attorney work product, or attorney-client privilege are not persuasive. Tidewater has not established that post-accident background evidence would be used "solely for impeachment," as contemplated by FED. R. CIV. P. 26(a)(3)(A).[22]  Further, although Tidewater cites to Rule 26(a)(3) in support of its impeachment argument, that Rule pertains to the pretrial disclosure of witnesses and exhibits, not the ordinary discovery phase, during which time parties may instead "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." FED. R. CIV. P. 26(b)(1).[23]  If Tidewater has withheld any post-accident background searches on the basis that same is protected by the work product doctrine or attorney-client privilege, it must produce a privilege log identifying and describing each withheld document and the basis for that invocation of immunity from discovery, after which Plaintiff may review same and, if necessary, move for *in camera* inspection.

> **REQUEST FOR PRODUCTION NO. 2:**  All logs (boat logs, engine room logs, maintenance logs, inspection logs, etc.) from the M/V JANE OLIVIA for the two months prior to the incident at issue and one month after said incident.
>
> **ORIGINAL RESPONSE:** Defendant, Tidewater Dock, Inc. objects to this Request on the basis that it does not seek production of relevant documentation nor is it proportional to the needs of this claim.  In this regard, Plaintiff has admitted that the M/V JANE OLIVIA played no role in the cause of his accident and/or injuries.  Further, Tidewater Dock, Inc. does not own the M/V Jane Olivia.  Finally, Tidewater Dock, Inc. objects to this Request to the extent it seeks production of documentation related to subsequent remedial measures, which is not discoverable. Notwithstanding the above objections, and without waiving same, please see the boat log for the date of Plaintiff's accident being produced herewith.  ECF No. 28-8 at 1.

---

[22] The Fifth Circuit has made clear that evidence that serves both substantive and impeachment functions cannot be treated as "solely" impeachment evidence. *Olivarez v. GEO Group, Inc.*, 844 F.3d 200, 204 (5th Cir. 2016) (collecting cases).

[23] Invoking the work product doctrine, Tidewater cites to FED. R. CIV. P. 26(a)(3)(A), but presumably meant FED. R. CIV. P. 26(B)(3)(A), which governs the discovery of documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative.  *See* ECF No. 28 at 6.

Tidewater's relevance and proportionality objections are sustained in part.  Plaintiff is entitled to develop his case theory regarding the alleged inadequate manning of the M/V  JANE OLIVIA,[24] as same is relevant to his claim against Tidewater.  However, engine room, maintenance, and inspection logs will provide no insight into the number of workers on the vessel at the time Plaintiff was injured.  Further, Plaintiff requests of three months' worth of such logs is both unduly burdensome and disproportionate to the needs of the case.  Accordingly, Tidewater must produce only its boat logs reflecting personnel for the week before and the week after the June 12, 2022 accident within twenty-one (21) days of the entry of this Order.

> **REQUEST FOR PRODUCTION NO. 4:**  Any and all safety manuals, safety programs and/or procedural manuals applicable to the crew of the M/V JANE OLIVIA at the time of the incident at issue.

> **ORIGINAL RESPONSE:**  Defendant, Tidewater Dock, Inc. objects to this Request on the basis that it does not seek production of relevant documentation nor is it proportional to the needs of this claim.  In this regard, Plaintiff has admitted that the M/V JANE OLIVIA played no role in the cause of his accident and/or injuries.  Further, Tidewater Dock, Inc. does not own the M/V Jane Olivia.  Finally, Tidewater Dock, Inc. objects to this Request on the basis that it is overly broad, unduly burdensome, and vague.  Notwithstanding the above objection, without waiving same, and in an effort to cooperate with the discovery process, please see the attached Tidewater Dock, Inc. Health, Safety & Environmental Manual— Employee Handbook and the Tidewater Docks Health & Safety Plan.  ECF No. 28-8 at 2-3.

> **THIRD SUPPLEMENTAL RESPONSE:**  Defendant, Tidewater Dock, Inc. objects to this Request on the basis that it does not seek production of relevant documentation nor is it proportional to the needs of this claim.  In this regard, Plaintiff has admitted that the M/V JANE OLIVIA played no role in the cause of his accident and/or injuries.  Further, Tidewater Dock, Inc. does not own the M/V Jane Olivia.  Finally, Tidewater Dock, Inc. objects to this Request on the basis that it is overly broad, unduly burdensome, and vague.  Notwithstanding the above objection, without waiving same, and in an effort to cooperate with the discovery process, please see the attached Tidewater Dock, Inc. Health, Safety & Environmental Manual—Employee Handbook and the Tidewater Docks Health & Safety Plan, which are the only documents responsive to this Request.  ECF No. 28-7 at 2.

---

[24] *See* ECF No. 27-1 at 8.

Tidewater's supplemental response, which clarifies that it has produced all documents in its possession responsive to the Request, suffices. Tidewater must supplement its response in the event it locates any further responsive documentation.

> **REQUEST FOR PRODUCTION NO. 12:** Please provide in native file format with metadata, any and all photographs of the M/V JANE OLIVIA and/or the accident scene taken as part of your investigation of the incident at issue.

> **ORIGINAL RESPONSE:** Defendant, Tidewater Dock, Inc. objects to this Request to the extent it seeks documentation protected by the attorney-client privilege and/or attorney work product doctrine. Tidewater Dock, Inc. also objects to this Request on the basis that it neither seeks production of relevant documentation nor is it proportional to the needs of this claim. In this regard, Plaintiff has admitted that the M/V JANE OLIVIA played no part in his accident and/or alleged injuries. Notwithstanding the above objections, and without waiving same, please see the attached photographs of the barge onto which Plaintiff jumped at the time of his accident. ECF No. 28-8 at 6.

> **THIRD SUPPLEMENTAL RESPONSE:** Defendant, Tidewater Dock, Inc. objects to this Request to the extent it seeks documentation protected by the attorney-client privilege and/or attorney work product doctrine. Tidewater Dock, Inc. also objects to this Request on the basis that it neither seeks production of relevant documentation nor is it proportional to the needs of this claim. In this regard, Plaintiff has admitted that the M/V JANE OLIVIA played no part in his accident and/or alleged injuries. Notwithstanding the above objections, and without waiving same, please see the attached photographs of the barge onto which Plaintiff jumped at the time of his accident. Tidewater Dock, Inc. asserts that it is not in possession of any photographs of the M/V JANE OLIVIA at the time of the accident, photographs of the rig at the time of the accident, or photographs of the tow at the time of the accident. ECF No. 28-7 at 2-3.

Tidewater's relevance and proportionality objections are denied. Tidewater's objections to attorney-client privilege and work product, which it admits were "prophylactically raised" (ECF No. 28 at 7) are likewise denied. Should Tidewater possess photographs that it believes are subject to work product protection, it must supplement its response with a privilege log describing each photograph and the reason why it has been withheld.

> **REQUEST FOR PRODUCTION NO. 14:** Any and all orientation, training and operations manuals, videos or handbooks in effect in June 2022 and/or provided to Plaintiff.

**ORIGINAL RESPONSE:** Defendant, Tidewater Dock, Inc. objects to this Request on the basis that it seeks production of documentation which is neither relevant nor proportional to the needs of this claim. Tidewater Dock, Inc. also objects to this Request on the basis that it is overly broad, unduly burdensome, and vague. Finally, Tidewater Dock, Inc. objects to this Request on the basis that it is not limited in terms of scope or time. Notwithstanding the above objection, without waiving same, and in an effort to cooperate with the discovery process, please see the attached Tidewater Dock, Inc. Health, Safety & Environmental Manual— Employee Handbook and the Tidewater Docks Health & Safety Plan. ECF No. 28-8 at 7.

**THIRD SUPPLEMENTAL RESPONSE:** Defendant, Tidewater Dock, Inc. objects to this Request on the basis that it seeks production of documentation which is neither relevant nor proportional to the needs of this claim. Tidewater Dock, Inc. also objects to this Request on the basis that it is overly broad, unduly burdensome, and vague. In this regard, Plaintiff provides no description of what is meant by "orientation, training and operations manuals, videos or handbook." These phrases are susceptible to different meaning and, therefore, impossible to respond to. Finally, Tidewater Dock, Inc. objects to this Request on the basis that it is not limited in terms of scope or time. Notwithstanding the above objection, without waiving same, and in an effort to cooperate with the discovery process, please see the attached Tidewater Dock, Inc. Health, Safety & Environmental Manual— Employee Handbook and the Tidewater Docks Health & Safety Plan, which are believed to be the only documents responsive to this Request. ECF No. 28-7 at 3.

Tidewater's scope and vagueness objections are sustained.

**REQUEST FOR PRODUCTION NO. 16:**   Any and all work orders, repair records, maintenance records and/or invoices showing any repair or maintenance work performed on the M/V JANE OLIVIA in the two months prior to the incident at issue and the one month after the incident at issue.

**ORIGINAL RESPONSE:** Defendant, Tidewater Dock, Inc. objects to this Request on the basis that it neither seeks production of relevant documentation nor is it proportional to the needs of this claim. In this regard, Plaintiff has admitted that the M/V JANE OLIVIA played no part in his accident or alleged injuries. Tidewater Dock, Inc. also objects to this Request to the extent it seeks production of documents regarding subsequent remedial measures, which is not discoverable. ECF No. 28-8 at 8.

Tidewater's relevance objection is sustained. In his Amended Complaint, Plaintiff claims that

Tidewater's and other defendants' failure "to provide Plaintiff with a safe place to work and/or by

failing to provide an adequate and/or properly trained crew renders the M/V JANE OLIVIA

unseaworthy. . . ."[25]  Beyond his statements that "Plaintiff is entitled to the maintenance records

and/or invoices showing any repairs or maintenance work performed on the M/V JANE OLIVIA

prior to and subsequent to his accident" and "Plaintiff is making a claim for unseaworthiness,"

Plaintiff fails to explain the relevance of the requested records, which records would not provide

information about the number of crew members aboard the vessel at the time of Plaintiff's accident.

Maintenance records from the M/V JANE OLIVIA have no bearing on whether the vessel was

adequately staffed and therefore have no bearing on any claim or defense in this case.

> **REQUEST FOR PRODUCTION NO. 25:**  Please produce any safety audits and inspection reports for the M/V JANE OLIVIA.

> **ORIGINAL RESPONSE:** Defendant, Tidewater Dock, Inc. objects to this Request on the basis that it neither seeks relevant documentation nor is it proportional to the needs of this claim.  In this regard, Plaintiff has admitted that the M/V JANE OLIVIA, and its crew, played no role in his accident or alleged injuries.  Tidewater Dock, Inc. also objects to this Request on the basis that it is overly broad, vague, and not limited in time or scope.  ECF No. 28-8 at 11.

Tidewater's scope and overbreadth objections are sustained.

> **REQUEST FOR PRODUCTION NO. 27:**   Any and all minutes of safety meetings, Job Safety Analysis (JSA) meetings and/or Job Safety Environmental Analysis (JSEA) meetings for the months of April through June 2022.

> **ORIGINAL RESPONSE:** Please see the attached safety minutes.  ECF No. 28-8 at 12.

> **SUPPLEMENTAL RESPONSE:**   Tidewater Dock, Inc. objects to this Request on the basis that it is overly broad and unduly burdensome.  Notwithstanding the above objection, and without waiving same, please see the produced records of Plaintiff's safety training.  Additionally, please see the attached documentation reflecting Plaintiff's participation in safety drills in May and June 2022.  ECF No. 28-4 at 2.

> **THIRD SUPPLEMENTAL RESPONSE:**   Please see the previously produced safety  minutes, which are the only documents thought to be the only documents responsive to this Request.  In this regard, there was no JSA for the task being performed at the time of Plaintiff's accident, because a JSA was not needed for this task.  ECF No. 28-7 at 4.

---

[25] ECF No. 12 ¶ XVII, at 6.

Tidewater's supplemental response, which clarifies that it has produced all documents in its possession responsive to the Request, suffices.  Tidewater must supplement its response in the event it locates any further responsive documentation.

> **REQUEST FOR PRODUCTION NO. 28:**  Any and all minutes of safety meetings, Job Safety Analysis (JSA) and/or Job Safety Environmental Analysis (JSEA) signed by Plaintiff.
>
> **ORIGINAL RESPONSE:** To the extent responsive, please see the attached safety minutes.  ECF No. 28-8 at 12.
>
> **SUPPLEMENTAL RESPONSE:** Tidewater Dock, Inc. objects to this Request on the basis that it is overly broad, unduly burdensome, and not limited in time or scope.  Notwithstanding these objections, without waiving same, and to the extent responsive, please see the documentation produced in association with Supplemental Response to Request for Production No. 27.  ECF 27-4 at 2.

Tidewater's overbreadth objection is sustained in part and overruled in part.  Tidewater must exercise due diligence in searching for and producing safety meeting minutes, Job Safety Analyses, and/or Job Safety Environmental Analyses in its possession signed by Plaintiff that specifically involve his work on board the M/V JANE OLIVIA at the time of the subject incident.  Same must be produced, or the lack of any such responsive documents explicitly communicated, within twenty-one days of the entry of this Order.

> **REQUEST FOR PRODUCTION NO. 31:**  Any and all documents obtained from third parties by subpoena, records requests or otherwise that pertain in any way to Plaintiff, his injuries and/or this litigation.
>
> **ORIGINAL RESPONSE:** Defendant Tidewater Dock, Inc. objects to this Request to the extent it seeks production of impeachment evidence.  Notwithstanding the above objections, and without waiving same, based on information and belief, there is no documentation currently responsive to this Request.  ECF No. 28-8 at 13.

Tidewater's objection to producing documentation obtained via subpoena "to the extent it seeks production of impeachment evidence" is overruled, both because of the unclear nature of the "to

the extent" phrase and the previously explained discoverability of impeachment evidence unless it has been established that it is "solely for impeachment purposes."

If any documentation has been withheld based on this objection, it must be produced to Tidewater within twenty-one (21) days of the entry of this Order.

**REQUEST FOR PRODUCTION NO. 32:**  Any and all contracts, work orders and/or agreements between HILCORP ENERGY COMPANY and any other entity/person related to the work being performed on June 13, 2022 involving the M/V JANE OLIVIA.

**ORIGINAL RESPONSE:** Defendant, Tidewater Dock, Inc. objects to this Request on the basis that it neither seeks relevant documentation nor is it proportional to the needs of this claim.  Further, Tidewater Dock, Inc. objects to this Request as it would lead to the discovery of proprietary business information which is not recoverable.  Moreover, there are other means by which Plaintiff may discover the identity of other companies/entities which may have been working on the job in question. ECF No. 28-8 at 14.

**SUPPLEMENTAL RESPONSE:**  Defendant, Tidewater Dock, Inc., objects to this Request on the basis that it does not seek production of relevant documentation nor is it proportional to the needs of this claim.  Further, Tidewater Dock, Inc. objects to this Request as it would lead to the discovery of proprietary business information which is not discoverable.  Moreover, there are other means by which Plaintiff may discover the identity of other companies/entities which may have been working on the job in question, including via a review of Tidewater Dock, Inc.'s Answers to Interrogatories and Responses to Requests for Production of Documents.  Notwithstanding the above objections, and without waiving same, there are no work orders responsive to this Request.  Tidewater Dock, Inc. has, however, previously produced the vessel log reflecting the work performed on June 13, 2022.  ECF No. 28-4 at 3.

**THIRD SUPPLEMENTAL RESPONSE:** Defendant, Tidewater Dock, Inc., objects to this Request on the basis that it does not seek production of relevant documentation nor is it proportional to the needs of this claim.  Further, Tidewater Dock, Inc. objects to this Request as it would lead to the discovery of proprietary business information which is not discoverable.  Moreover, there are other means by which Plaintiff may discover the identity of other companies/entities which may have been working on the job in question.  Notwithstanding the above, Tidewater Dock, Inc. is not in possession of contracts between Hilcorp and other entities for this job beyond those already produced by Hilcorp previously in this litigation, which are in Plaintiff's possession.  Tidewater Dock, Inc. did not contract with Hilcorp for the job being performed at the time of this accident.  No written contract exists regarding Tidewater Dock, Inc. and Heritage marine, which retained

Tidewater Dock, Inc. for the job being performed at the time of the subject accident.
ECF No. 28-7 at 4.

Tidewater's relevance and proportionality objections are overruled, as is its objection that a response "would lead to the discovery of proprietary business information which is not discoverable." Documentation is not precluded from discovery merely because it contains proprietary information. Should the requested documentation contain proprietary business information, Tidewater may mark same confidential and seek a protective order. Further, the fact that Plaintiff may discovery the information sought by other methods does not exempt Tidewater from fully and completely answering this Request.

If Tidewater has withheld documentation based on the foregoing objections, same must be produced same within twenty-one (21) days of the entry of this Order.

## III.   <u>CONCLUSION</u>

For the foregoing reasons,

IT IS ORDERED that Plaintiff's Motion to Compel (ECF No. 27) is GRANTED IN PART and DENIED IN PART as stated herein. Tidewater must supplement its responses as stated herein within 21 days.

Dated this _____24th_____ day of April, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE